UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

JAGUAR RESTAURANT GROUP, LLC.,
d/b/a Jaguar Ceviche Spoon Bar & LATAM Grill,
and JAGUAR GROVE PROPERTY, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant, Jaguar Restaurant Group, LLC., d/b/a Jaguar Ceviche Spoon Bar & LATAM Grill and Defendant, Jaguar Grove Property, Inc., for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant, Jaguar Restaurant Group, LLC., and Defendant, Jaguar Grove Property Inc, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Jaguar Restaurant Group, LLC., (also referenced as "Defendant Jaguar Restaurant," "operator," or "lessee") is a Florida limited liability company. Defendant, Jaguar Restaurant is the owner and operator of the Jaguar Ceviche Spoon Bar & LATAM restaurant.

6. Defendant, Jaguar Grove Property, Inc. (also referenced as "Defendant Jaguar Grove," "owner," or "lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio 01-4121-016-1090, with the post address of 3067 Grand Avenue, Miami, FL 33133, which is built out as a Jaguar Ceviche Spoon Bar & LATAM Grill restaurant,

**FACTS**

7. At all times material hereto, Defendant, Jaguar Grove has leased its commercial property to Jaguar Restaurant who in turn has operated (and continues to operate) its Jaguar Ceviche Spoon Bar & LATAM Grill restaurant within that leased space.

8. Defendant, Jaguar Restaurant's, Jaguar Ceviche Spoon Bar & LATAM Grill restaurant is a trendy restaurant which specializes in serving a Miami mix of contemporary Latino flavors, in a cheerful dining room with sidewalk seating right in downtown Coconut Grove. The Jaguar Restaurant's, Jaguar Ceviche Spoon Bar & LATAM Grill restaurant is located at 3067 Grand Avenue, Miami, FL 33133, and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Jaguar Restaurant's, Jaguar Ceviche Spoon Bar & LATAM Grill restaurant which is the subject to this action is also referred to as "Jaguar Ceviche," "restaurant," or "place of public accommodation."

9. As the owner/operator of a restaurant which is open to the public, Defendant, Jaguar Restaurant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity to Plaintiff's home to Coconut Grove and the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant, on July 30th, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of Jaguar Ceviche Spoon Bar & LATAM Grill restaurant (Defendant Jaguar Restaurant) and by the owner of the commercial property which houses the restaurant (Defendant Jaguar Grove).

13. As the owner and operator of the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant, Defendant, Jaguar Restaurant, and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which is built out and utilized as a restaurant open to the general public, Defendant, Jaguar Grove is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15. As the owner of commercial property which is built out as a restaurant open to the public, Defendant Jaguar Grove is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Jaguar Ceviche Spoon Bar & LATAM Grill, restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant, Jaguar Restaurant and Defendant, Jaguar Grove, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant.

25. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Jaguar Grove's commercial property, which houses Defendant, Jaguar Restaurant's Jaguar Ceviche Spoon Bar & LATAM Grill restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally), The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

iii. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff had difficulty opening the door without assistance, as it does not have the required maneuvering clearance on the pull side of the door. Violation: Trash bin is encroaching the required maneuvering clearance on the pull side of the door. Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the lavatory (outside stall) without assistance, as it is mounted too high. Violation: Lavatory is mounted over the required height to the top of the rim above the finished floor violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the lavatory (outside stall) without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. Violation: The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the soap dispenser without assistance, as it is not mounted at the required location. Violation: The soap dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff had difficulty using the lavatory without assistance, as the required clear floor space was not provided due to wall mounted support bars Violation: The lavatory support bars are encroaching over the accessible lavatory clear floor space. Violating Section 4.19.3 of the

|      | |
|------|---|
|      | ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xiii. | As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the soap dispenser without assistance, as it is not mounted at the required location. Violation: The soap dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xiv. | As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xv. | As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance. Violation: The toilet seat sanitizer dispenser is mounted over the side wall grab bar at the wrong height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xvi. | As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the |

|      | |
|------|-|
|      | accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xvii. | As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not use the toilet seat sanitizer dispenser without assistance. It is mounted behind the water closet. Violation: The toilet seat sanitizer dispenser is mounted behind the water closet not proving the required clear floor space violating Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xviii. | As to Defendant, Jaguar Restaurant (operator of the restaurant) and Defendant, Jaguar Grove (owner of the commercial property) (jointly and severally). The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due the lavatory is encroaching. Violation: Lavatory is mounted at 55" from the water closet side wall not providing the required clear floor space. Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable. |

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Jaguar Restaurant Group, LLC., d/b/a Jaguar Ceviche Spoon Bar & LATAM Grill and Defendant, Jaguar Grove Property, Inc. Defendant, Jaguar Restaurant Group, LLC., d/b/a Jaguar Ceviche Spoon Bar & LATAM Grill and Defendant, Jaguar Grove Property, Inc (owner of the commercial property) and Defendant, Jaguar Restaurant Group, LLC., (lessee of the commercial property and operator of the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant located therein) and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

**Gonzalez v. Jaguar Restaurant, et al**
**Complaint**

a) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the Jaguar Ceviche Spoon Bar & LATAM Grill restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this October 20, 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*